UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK,

                    Plaintiff,

                                                    CASE NO. 12-CV-12308
v.                                                  HON. GEORGE CARAM STEEH

TROLLEY INDUSTRIAL, L.L.C.,
LAREY DRESNER, ROBERT
DRESNER, and MARK LEWIS

                    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' EXPERT (DOC. 61)**

Now before the court is plaintiff Wells Fargo Bank's ("Wells Fargo's") motion to

strike the affidavit of defendants' expert, Jeffrey T. Anagnostou.  The complete facts of

this case are summarized in this court's opinion denying the parties' cross-motions for

summary judgment entered this same date.  The salient facts here are that the parties

dispute whether or not Defendants Trolley Industrial, L.L.C. ("Trolley") and its principals,

Larey Dresner, Robert Dresner, and Mark Lewis (collectively "Defendants"), have a duty

to indemnify Wells Fargo for an alleged diminution in value of the certain real property

located in Taylor, Michigan, (the "Property") resulting from the presence of methane gas

under the Property pursuant to the parties' Hazardous Substance Indemnity

Agreements ("Indemnity Agreements.")  In their motion for summary judgment,

Defendants rely on the affidavit of Anagnostou which states that since methane gas has

been present on the Property since it was operated as an unregulated landfill since the

-1-

1950s and 1960s, and would have been present at the time of the Environmental

Report in 2001, there can be no diminution in the value of the property now.

Anagnostou is a licensed professional engineer in Michigan and Ohio and a certified

professional geologist.  Wells Fargo alleges that Anagnostou is not qualified to form an

opinion as to the appraised value of commercial real estate or the effect of

environmental contamination on the value of such real estate.  For the reasons set forth

below, Wells Fargo's motion shall be denied.

Anagnostou of Applied Geotechnical Services, Inc. ("AGS") prepared a report

which summarized his findings:

> [T]he presence of historic landfilling of rubbish and miscellaneous debris beneath
> the subject site has been well documented since prior to the purchase of the
> subject site by Trolley Industrial Park, LLC.  Soil boring and gas sampling events
> conducted at the site by McDowell and AGS have encountered methane gas
> accumulations at locations underlain by rubbish and miscellaneous fill . . .
> According to the Agency for Toxic Substances & Disease Registry - Landfill Gas
> Primer, approximately 45 to 60 percent of the gas produced in landfills, such as
> encountered at the subject site, consist of methane gas.  Methane gas is
> produced by bacterial decomposition of organic waste under anaerobic
> conditions.  Thus, we believe the methane gas encountered at the subject parcel
> is the result of historic landfilling activities conducted at the site during the 1950s
> and possibly early 1960s.

(Doc. 64, Ex. 3 at 4).  In support of their motion for summary judgment, Defendants

submitted Anagnostou's affidavit which states:

> Because methane gas would have already been present as a result of the
> historic landfilling activities documented in the November 1994, July 1995 and
> June 2001 environmental reports, it is my opinion that the value of the property
> did not diminish and could not have diminished due to the presence of methane
> gas because the methane gas was present well before that time . . . Therefore, it
> is my opinion that any costs associated with environmental remediation
> undertaken as a result of the presence of methane gas are costs that have been
> necessary since the subject site was determined to be the site of historic landfill
> activities.

-2-

(Doc. 64, Ex. 8 at ¶9-10).  The court finds that Anagnostou's opinions are properly

before the court.

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S.

579 (1993) guide this court's determination of whether Anagnostou's proposed expert

testimony is admissible.  Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the
> case.

Fed. R. Evid. 702.  In *Daubert*, the United States Supreme Court provided a framework

for determining whether an expert's opinion complies with Rule 702.  *Daubert*, 509 U.S.

at 597.   Expert testimony is admissible if (1) it is relevant, and (2) reliable.  *Id.*  "The

relevancy requirement ensures that there is a fit between the testimony and the issue to

be resolved at trial."  *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999).

"Whether the evidence is relevant refers to whether or not the evidence will assist the

jury in determining the existence of any fact of consequence."  *Kurncz v. Honda North*

*America, Inc.*, 166 F.R.D. 386, 388 (W.D. Mich. 1996).

Whether the evidence is reliable generally requires analysis utilizing a four factor

test, specifically, (1) whether the theory or technique has been or can be tested; (2)

whether the technique has been subjected to peer review and publication; (3) the known

or potential rate of error; and (4) whether the technique has been accepted by the

relevant scientific community, or has been able to attract only minimal support within the community. *Daubert*, 509 U.S. at 593-94; *Kurncz*, 166 F.R.D. at 388. In *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012), the Sixth Circuit explained that while the above *Daubert* factors typically should be considered, there is no "definitive checklist or test" for meeting the *Daubert* standard. In addition to the above factors, the Sixth Circuit ruled that other factors weigh against certifying an expert, such as the expert's "reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing and subjectivity." *Id.* (citing *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 177 (6th Cir. 2009)). If the expert's opinion was prepared solely for litigation that may also serve to discredit the expert's testimony. *Id.*

The court finds that Anagnostou's testimony is both relevant and reliable and thus, admissible under *Daubert*. First, the court considers the issue of relevancy. Under Federal Rule of Evidence 702, evidence is relevant when it will assist the trier of fact in understanding the evidence or determining a material fact in question. The issue of fact presented here is whether Defendants are liable for the alleged diminution in value of the Property based on the presence of methane gas. Anagnostou's opinion that methane gas is the result of historic landfilling activities is relevant to the question of whether Defendants are liable for this environmental condition under the Indemnity Agreements.

Second, the court turns to the question of whether Anagnostou's opinion is reliable. Anagnostou has over twenty years of experience as a senior geologist and geotechnical engineer. (Doc. 64, Ex. 8). He has a bachelor of science degree in

-4-

geology as well as a masters degree in civil (geotechnical) engineering from the University of Michigan. *Id.* In preparing his report, he reviewed environmental assessment reports from 1994, 1995, 2001 and 2010 and with AGS conducted their own investigation and soil borings in 2010. (Doc. 64, Ex. 3 at 1-2). Anagnostou's credentials are substantial and Wells Fargo has not shown any failings in his methodology. Anagnostou's opinion that the presence of methane gas on the Property is the cause of historic landfilling activities is properly based on his scientific knowledge, review of prior site evaluations, and his own testing. Under these circumstances, the court finds that Anagnostou's opinion is reliable.

Wells Fargo raises several arguments that Anagnostou's opinion is unreliable, but all are unavailing. Wells Fargo's complaint that Anagnostou lacks training as a real estate appraiser and did not apply real estate valuation methods lacks merit as his opinion goes to the reason for the existence of methane gas on the property and is not a real estate appraisal. Wells Fargo's complaint that Anagnostou did not provide a methodology for his conclusions and that he did not consider sufficient facts or data also falls short of the mark. Anagnostou explained that he based his opinion upon his review of environmental reports and his own testing of soil on the Property, combined with his twenty-plus years of experience as a geologist. His experience uniquely qualifies him to offer an opinion on the reason for the presence of methane gas on the Property. Finally, Wells Fargo complains that Anagnostou's opinions are purely speculative. The court cannot agree. Anagnostou's opinions are based on his significant experience in the field, impressive academic credentials, and scientific testing.

Accordingly, Wells Fargo's motion to strike Anagnostou's affidavit (Doc. 61) hereby is DENIED.  Defendants' request that this court show cause Wells Fargo why Rule 11 sanctions should be awarded for the filing of its motion to strike hereby is DENIED.

**IT IS SO ORDERED**.

Dated:  August 30, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 30, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk